**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney**

Civil Action No. 25-cv-00361-CNS

JOSEPH R. VIGIL,

      Applicant,

v.

WARDEN J. WADAS, FCI Terre Haute,

      Respondent.

---

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

### I.    SUMMARY FOR *PRO SE* APPLICANT

You have filed a writ for habeas corpus. The Court denies it. Fundamentally, the First Step Act requires that any time credits, even if they are earned, can only be applied if an individual such as yourself is not at a high risk of recidivism. You do not dispute that your recidivism risk rate is high. Thus, application of your time credits under the First Step Act is not proper.

### II.    DISCUSSION

Applicant Joseph R. Vigil is a prisoner in the custody of the Federal Bureau of Prisons (BOP), currently incarcerated at Terre Haute Federal Correctional Institution (FCI Terre Haute) in Terre Haute, Indiana. On February 12, 2025, he filed *pro se* an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the Amended Application). ECF No. 4. He has paid the $5.00 filing fee. ECF No. 6.

The Court must construe the Amended Application and other papers filed by Mr. Vigil liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (*per curiam*); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See id.* at 1110. After reviewing the record in this case, the Court FINDS and CONCLUDES that the Amended Application should be denied and the case dismissed.

### A. Background

At the time Mr. Vigil initiated this action, he was incarcerated at the Englewood Federal Correctional Institution (FDC Englewood) in Littleton, Colorado. In his Amended Application, Mr. Vigil argues that the BOP has wrongfully denied him time credits under the First Step Act (FSA), because he was not awarded time credit for activities that he completed after he was sentenced but before he arrived at his designated facility. ECF No. 4 at 2, 4; ECF No. 5 at 1.

According to Mr. Vigil, the BOP's current policy–set forth in Program Statement 5410.01, *First Step Act of 2018-Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*–allows inmates to earn FSA time credits for their participation in qualified programming *only* after they have arrived at their designated facility. ECF No. 5 at 1. Mr. Vigil argues that this policy improperly denies inmates the ability to earn FSA time credits during the period after they are sentenced but before they are transferred to their designated facility, and he argues that several federal courts have rejected the BOP's reliance on Program Statement 5410.01 to deny inmates FSA time credits during that period. ECF No. 5 at 1. Mr. Vigil seeks an order requiring the BOP to calculate his FSA

time credits as of his sentencing date. *Id.*; ECF No. 4 at 4.

On June 10, 2025, Respondent was ordered to show cause why the habeas application should not be granted. ECF No. 20. After receiving two extensions of time, Respondent filed a Response to the Court's Order to Show Cause (Response) on July 31, 2025. ECF 33. First, Respondent argues that the Amended Application should be denied because Mr. Vigil has not asserted a proper habeas claim under 28 U.S.C. § 2241 because, even if successful, his claim would not necessarily reduce the length of his confinement. ECF No. 33. Second, Respondent argues that even if Mr. Vigil's claim can be brought in a habeas proceeding, the BOP properly calculated when Mr. Vigil began earning FSA time credits. *Id.*

Mr. Vigil did not file a reply to the Response despite being given an opportunity to do so. *See* ECF No. 31.

**B.  Analysis**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, an application for a writ of habeas corpus "challenges the fact or duration of . . . confinement and seeks immediate release or a shortened period of confinement." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.") (internal quotation marks omitted).

The FSA provides in relevant part that an eligible prisoner "who successfully completes evidence-based recidivism reduction (EBRR) programming or productive activities, shall earn time credits" that "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(A), (C). To administer time credits under the FSA, the BOP must (1) determine each inmate's risk of recidivism and categorize the risk as minimum, low, medium, or high; (2) assess and determine each inmate's risk of violent or serious misconduct; (3) determine the type and amount of EBRR programming that is appropriate for each inmate; (4) periodically reassess each inmate's risk of recidivism; (5) reassign the inmate to appropriate EBRR programs and productive activities (PAs) based on the reassessment; (6) determine when to provide incentives and rewards for successful participation in EBRR programs and PAs; and (7) determine when the inmate is ready for transfer to pre-release custody or supervised release. *See* 18 U.S.C. § 3632(a)(1)–(7).

An eligible inmate "shall earn 10 days of time credits for every 30 days of successful participation in [EBBR] programming or [PAs]." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate "shall earn an additional 5 days of time credits for every 30 days of successful participation in [EBRR] programming or [PAs]" if the BOP determines the inmate is "at a minimum or low risk for recidivating" and "has not increased their risk of recidivism" over "2 consecutive assessments." 18 U.S.C. § 3632(d)(4)(A)(ii). FSA time credits may be applied to additional time in prerelease custody or placement on supervised release. *See* 18 U.S.C. § 3632(d)(4)(C).

Under the First Step Act, *earning* time credits from participating in EBRR

programs is separate and distinct from having the time credits *applied* to a prisoner's time in prerelease custody or supervised release. *See* 28 C.F.R. § 523.44. Application of earned FSA time credits is not automatic. Among other things, the inmate must have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or ha[ve] maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment." 18 U.S.C. § 3624(g)(1)(B). The BOP uses the Prisoner Assessment Tool Targeting Estimated Risk and Needs (PATTERN) to categorize each inmate's risk of recidivism. Inmates with high or medium PATTERN scores also may petition the warden to have their time credits applied. *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II). Such a petition must show (1) the inmate would not be a danger to society if transferred to prerelease custody or supervised release; (2) the inmate has made a good faith effort to lower their recidivism risk level; and (3) the inmate is unlikely to recidivate. *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II).

According to Respondent, Mr. Vigil has earned 106 days of FSA time credits; however, those time credits are not being applied because he remains at a high risk of recidivism. *See* Lovellette Decl., ECF No. 33-1 at ¶ 9. Mr. Vigil does not dispute that his recidivism level is assessed as high, and he does not allege that he has successfully petitioned the warden to have the time credits applied.

Thus, Mr. Vigil fails to present any reasoned argument that his rights were violated in any way with respect to his time credits under the FSA.

## III.    CONCLUSION

Consistent with the above analysis, Mr. Vigil is not entitled to relief in this action. Accordingly, it is

**ORDERED** that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 4, is denied and this case is dismissed with prejudice.

Dated this 13th day of March 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge